**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**KULP MINERALS LLC**

    **Plaintiff,**

                                                                                                    Civ. No. _____

**vs.**

**APACHE CORPORATION,**

    **Defendant.**

**NOTICE OF REMOVAL**

Defendant Apache Corporation ("Apache") respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 that it is removing this action from the District Court of Lea County, New Mexico, to the United States District Court for the District of New Mexico.

**I.   PROCEDURAL HISTORY & TIMELINESS OF REMOVAL**

1. On April 4, 2023, Plaintiff Kulp Minerals LLC ("Plaintiff") filed an Original Class Action Complaint ("Complaint") in the Fifth Judicial District Court of Lea County asserting claims on its own behalf and a putative class of plaintiffs. Compl. ¶ 1.

2. Plaintiff served Apache's designated statutory agent in New Mexico with process on April 10, 2023. *See* Petition, Summons, and Service of Process Transmittal Summary, attached as Exhibits 2A-B, 2-G.

3. Apache has not yet answered or otherwise responded to the Complaint, and, to Apache's knowledge, no further state court proceedings have occurred or are scheduled before the state court in this matter.

4. In accordance with 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" Apache in the action are attached as Exhibit 2. Pursuant to D.N.M.LR-Civ.

81.1(a), this Notice of Removal also includes as exhibits "legible copies of records and proceedings from the state court action."

5.In accordance with 28 U.S.C. § 1446(d), Apache will give prompt written notice of this filing to Plaintiff's counsel and will file a copy of this Notice of Removal with the Clerk of the Fifth Judicial District Court of Lea County, New Mexico.

## II.SUMMARY OF ALLEGATIONS

6.Plaintiff alleges that it is an owner in one or more oil and/or gas wells in New Mexico in which Apache has incurred an obligation to pay oil and gas proceeds. Compl. ¶¶1-2. Plaintiff claims that Apache failed to make certain payments of oil and gas payments within the time periods established by the Oil and Gas Proceeds Payment Act (the "Act") and that Apache failed to pay interest that the Act requires when payments are made outside the statutory period. Compl. ¶¶ 5-7, 28-35.

7.Plaintiff asserts claims against Apache for (1) breach of statutory duty to pay oil and gas proceeds and interest, (2) breach of duty to investigate and pay, (3) fraud, (4) accounting and disgorgement, (5) injunctive relief. *Id.* at ¶¶ 38-77. Based on these allegations, Plaintiff seeks actual damages, punitive damages, interest, and attorneys' fees. *Id.* at p. 16.

8.Plaintiff seeks in the Complaint to represent a class defined as:

All non-excluded persons or entities who received or, during the pendency of this action will receive, Late Payments from Defendant(s) for O&G Proceeds from New Mexico Wells and whose payments did not also include the statutory interest prescribed by the Oil and Gas Proceeds Payment Act.

The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America and the State of New Mexico, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes as defined at 30 U.S.C. §1702(4), and Indian allottees as defined at 30 U.S.C. §1702(2)); (2) Commissioners of the New Mexico Land Office; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the New Mexico Energy, Minerals and Natural Resources Department designated operator of more than fifty (50) New Mexico wells in the

month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 16-107 of the New Mexico Rules of Professional Conduct; and (6) officers of the court.

*Id.* at ¶ 18.

### III. JURISDICTION OF THE FEDERAL COURT

9.  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) Plaintiff brings this case as a putative class action; (b) the putative class exceeds 100 members; (c) the putative class contains at least one class member who is a citizen of a State different from the Defendant; and (d) the amount in controversy exceeds the sum or value of $5,000,000.

10. The putative class exceeds more than 100 members. Consistent with New Mexico practice, Plaintiff has not pled the precise number of class members. Based on Apache's review of Plaintiff's allegations, the putative class includes several hundred, if not thousands, of members. Indeed, during the time period Plaintiff is putting at issue—from 1991 to the present—Apache estimates that it has operated more than 5,000 wells with more than 8,000 interest owners. More than 100 of those owners are within Plaintiff's proposed class definition.

11. The amount in controversy exceeds $5,000,000. Consistent with New Mexico practice, Plaintiff did not plead a specific dollar amount of total damages. *See* N.M.R.A. 1-008. Thus, the Court may consider factual allegations set forth in the Complaint and allegations set forth in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice…does not permit demand for a specific sum."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence

establishing the amount is required…only when the plaintiff contests, or the court questions, the defendant's allegation.").

12. Apache denies that Plaintiff or the putative class are entitled to any damages whatsoever. However, based on Apache's calculations, Plaintiff's claims against Apache place an amount in controversy exceeding $5,000,000, exclusive of interest and costs. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

## IV.   APACHE'S NOTICE OF REMOVAL IS TIMELY

13. The Complaint contains no specific allegation concerning the amount of damages sought by Plaintiff. Compl. ¶ 16. In such circumstances, the allegations in the complaint are insufficient to trigger the thirty day period for removal found in Section 1446(b)(2) because the amount in controversy is not deemed ascertainable. *See Paros Props., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

14. However, Plaintiff's failure to provide unambiguous notice of the specific amount of damages sought does not preclude removal. A defendant may remove an action based on its own independent determination that the amount in controversy meets the jurisdictional threshold. *See Paros Props., LLC*, 835 F.3d at 1271, n.5 ("a defendant need not await such unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal."). Here, Apache has determined that the jurisdictional prerequisites are satisfied based on its own investigation.

4

15. This notice of removal is timely under 28 U.S.C. § 1446 because it was filed "within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## CONCLUSION

For the foregoing reasons, Apache respectfully requests the removal of this case from the Fifth Judicial District Court of Lea County, New Mexico, to this Court.

DATED: May 10, 2023                       Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Stephen B. Crain*
Stephen B. Crain (*pro hac vice to be filed*)
Texas Bar No. 04994580
Edmund W. Robb IV (*pro hac vice to be filed*)
Texas Bar No. 24080036
711 Louisiana, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Facsimile: (800) 404-3970
stephen.crain@bracewell.com
edmund.robb@bracewell.com

-and-

**HOLLAND & HART LLP**

By: */s/ Robert J. Sutphin*
Robert J. Sutphin
Nathan R. Jurgensen
110 N. Guadalupe Street, Suite 1
Santa Fe, New Mexico 87501
Telephone: (505) 988-4421
Facsimile: (505) 983-6043
rsutphin@hollandhart.com
nrjurgensen@hollandhart.com

**ATTORNEYS FOR DEFENDANT APACHE CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on May 10, 2023, I filed the foregoing through the CM/ECF system and served the following counsel by email:

Bradley Beckworth
Trey Duck
Drew Pate
Lisa Baldwin
Susan Whatley
Nix Patterson, LLP
8701 Bee Cave Rd
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
bbeckworth@nixlaw.com
tduck@nixlaw.com
dpate@nixlaw.com
lbaldwin@nixlaw.com
swhatley@nixlaw.com

Mark Stout
Drew Stout
STOUT & STOUT LAWYERS LLP
3319 A North Grimes
Hobbs, NM 88240
Telephone: (575) 393-1555
Facsimile: (575) 393-1825
mark@stoutnm.com
drew@stoutnm.com

Patrick M. Ryan
Jason A. Ryan
Paula M. Jantzen
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
400 N. Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040 telephone
(405) 239-6766 facsimile
pryan@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

*/s/ Robert J. Sutphin*
Robert J. Sutphin