IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KULP MINERALS, LLC,

      Plaintiff,

v.                                                        Civ. No. 2:23-408 KG/KRS

APACHE CORPORATION,

      Defendant.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER (Doc. 41) AND DENYING WITHOUT PREJUDICE MOTION TO COMPEL (Doc. 42)**

THIS MATTER is before the Court on Defendant's Motion for Protective Order and for a Partial Stay of Discovery Pending Resolution of Dispositive Motion, (Doc. 41), filed April 29, 2024. Plaintiff filed a response to the Motion for Protective Order on May 24, 2024, and Defendant filed a reply on June 7, 2024. (Docs. 47, 52). This matter is also before the Court on Plaintiff's Motion to Compel Deposition Testimony and Document Production, (Doc. 42), filed May 1, 2024. Defendant filed a response to the Motion to Compel on May 24, 2024, and Plaintiff filed a reply on June 7, 2024. (Docs. 45, 50). Having considered the parties' briefing, record of the case, and relevant law, the Court GRANTS Defendant's Motion for Protective Order and Partial Stay of Discovery, (Doc. 41), and DENIES without prejudice Plaintiff's Motion to Compel, (Doc. 42), as set forth below.

    I.      BACKGROUND

Plaintiff filed a putative class action on behalf of itself and other entities entitled to payments of oil and gas proceeds under the New Mexico Oil and Gas Proceeds Payment Act, (the "Act"). (Doc. 1-1). Plaintiff is an owner of two leases on which several oil and gas wells are located in Lea County, New Mexico, and alleges that Defendant, the operator of the wells,

failed to timely pay royalties or interest on late payments to Plaintiff and other well owners. *Id.* On April 26, 2024, Defendant filed a Motion for Partial Summary Judgment in which it argues that Plaintiff does not have standing to assert claims based on alleged injuries to the putative class that Plaintiff has not itself suffered. (Doc. 40). Defendant seeks dismissal of Plaintiff's claims alleging wrongful suspense of royalty payments, breach of the duty to investigate and pay royalty owners, and using marketability of title issues to delay royalty payments, because Plaintiff has not been injured by any of these alleged practices. *Id.*

In its Motion for Protective Order, Defendant asks the Court to protect it from providing testimony on topics in Plaintiff's Notice of Rule 30(b)(6) Deposition that are the subject of Defendant's Motion for Partial Summary Judgment. (Doc. 41). Defendant argues that the deposition notice seeks information about entities that Plaintiff alleges may have suffered as a result of Defendant's royalty payment policies, but not regarding injuries that Plaintiff has suffered itself. *Id.* at 1-2. Defendant asks the Court to enter a protective order as to the disputed topics pending a ruling on Defendant's Motion for Partial Summary Judgment because standing is a threshold issue. *Id.* at 6-7.

Plaintiff responds that its Rule 30(b)(6) deposition notice properly focuses on Defendant's activities relating to making late royalty payments to the putative class members, which are relevant to Plaintiff's class action claims and Defendant's affirmative defenses. (Doc. 47) at 2-4. Plaintiff states that Defendant's testimony on these topics is relevant to identifying potential class members, identifying common questions of fact and law necessary for maintaining a class, demonstrating Defendant's actions, and calculating damages owed to class members. *Id.* at 4; 8-12. Plaintiff further asserts that it has standing to pursue claims on behalf of the putative class members, and that the information sought in the Rule 30(b)(6) deposition is

necessary for Plaintiff to respond to Defendant's Motion for Partial Summary Judgment. *Id.* at 4-5; 12-17.

In reply, Defendant maintains that the disputed deposition topics relate to claims Plaintiff has no standing to bring and that testimony on the disputed topics would not aid in assessing Plaintiff's standing. (Doc. 52) at 1. Defendant contends the topics "are part of a broad fishing expedition for new claims and new claimants who—Kulp speculates—may have standing to assert injuries that Kulp has not suffered." *Id.* Defendant disputes that the information is relevant to the claims Plaintiff has standing to bring and notes that Defendant has agreed to produce information relevant to Plaintiff's claims. *Id.* at 2-4. Additionally, Defendant states the information Plaintiff seeks is also the subject of Plaintiff's Rule 56(d) request, which Plaintiff filed in response to Defendant's Motion for Partial Summary Judgment. *Id.* at 4-6.

Plaintiff's Motion to Compel seeks an order overruling Defendant's objections to certain discovery requests and compelling Defendant to produce a corporate designee to testify on disputed Rule 30(b)(6) topics. (Doc. 42) at 1-2. Plaintiff argues that Defendant's objections regarding Plaintiff's standing are premature because they essentially challenge whether Plaintiff's claims are typical of other class members' claims and whether Plaintiff is an adequate representative for those claims. *Id.* at 8-9. Plaintiff further argues that Defendant incorrectly defined the relevant time period and improperly objected to producing information relating to the Proceeds Payment Act. *Id.* at 10-18.

In response, Defendant argues that much of the information sought in Plaintiff's Motion to Compel relates to claims Plaintiff has no standing to assert and which are the subject of Defendant's pending Motion for Partial Summary Judgment. (Doc. 45) at 1-3. Defendant, therefore, argues that its objections are proper and should not be overruled unless its summary

judgment motion is denied.  *Id.* at 7-13.  In reply, Plaintiff states that much of the information it seeks pursuant to its Motion to Compel is "reasonably expected to provide evidence Plaintiff needs to respond to Defendant's" Motion for Partial Summary Judgment.  (Doc. 50) at 3.  Plaintiff cites to the Rule 56(d) affidavit it filed in response to the summary judgment motion, and argues that if the Court grants Plaintiff's Motion to Compel, Plaintiff is likely to obtain facts it needs to respond to the summary judgment motion.  *Id.* at 4-13.

II.     DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

In addition, Rule 26 allows courts, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... ."  Fed. R. Civ. P. 26(c)(1).  Indeed, a court has wide discretion to manage its docket, which includes decisions concerning issuing stays for all or part of the proceedings.  *See M.G. v. Scrase*, 2022 WL 5242610, at *2 (D.N.M.) ("A court's authority to stay discovery is 'incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014)).  "Good cause" may come from a variety of circumstances, including a pending dispositive motion.  *See N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2013 WL 12304061, at *1 (D.N.M.) (explaining that dismissal would render moot the "likely ... substantial and expensive discovery" requested by plaintiff); *Dawson v. Continental Ins. Co.*, 2014 WL 1210285, at *2 (D. Colo.) (staying discovery pending the determination of a motion to dismiss on preemption grounds); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo.) (same regarding a motion to dismiss for lack of personal jurisdiction).  The discretion to stay discovery pending the resolution of a dispositive motion provides "an eminently logical means" of efficient case management because it can "prevent wasting the time and effort of all concerned, and [encourage] the most efficient use of judicial resources."  *Nardo v. Homeadvisor, Inc.*, 2022 WL 1198995, at *2 (D. Colo.) (citations omitted).

      Here, Defendant asserts in its Motion for Partial Summary Judgment that Plaintiff does not have standing to bring claims based on injuries to the putative class, and it moves to dismiss Plaintiff's claims alleging wrongful suspense of royalty payments, breach of the duty to investigate and pay royalty owners, and using marketability of title issues to delay royalty payments, because it argues that Plaintiff has not been injured by any of these alleged practices. (Doc. 40).  If summary judgment is granted, then the majority of the discovery that is the subject of Defendant's Motion for Protective Order and Plaintiff's Motion to Compel would be rendered moot.  Indeed, Plaintiff's request for discovery relating to the issue of standing is the subject of its Rule 56(d) affidavit, filed in response to the summary judgment motion.  As such, the issue of

whether the disputed discovery is necessary to determine the standing issue is currently before the presiding judge. For these reasons, the Court finds good cause to enter a protective order as to the topics in Plaintiff's Notice of Rule 30(b)(6) Deposition and the discovery requests that are the subject of Plaintiff's Motion to Compel. The Court, therefore, grants Defendants' Motion for Protective Order, (Doc. 41), and stays discovery as to the topics that are raised in Defendant's Motion for Partial Summary Judgment. The Court also denies Plaintiff's Motion to Compel, (Doc. 42), without prejudice. Plaintiff may refile the motion to compel after the summary judgment motion is ruled on and may seek discovery as to the issues that remain.

      IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order and Partial Stay of Discovery, (Doc. 41), is GRANTED.

      IT IS FURTHER ORDERED that Plaintiff's Motion to Compel, (Doc. 42), is DENIED WITHOUT PREJUDICE, as set forth above.

      IT IS SO ORDERED.

                                                              _____

                                                              KEVIN R. SWEAZEA
                                                              UNITED STATES MAGISTRATE JUDGE