IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KULP MINERALS, LLC,

      Plaintiff,

v.                                                                                            Civ. No. 2:23-408 KG/KRS

APACHE CORPORATION,

      Defendant.

**ORDER GRANTING MOTION TO COMPEL (Doc. 62)**

THIS MATTER is before the Court on Plaintiff's Motion to Compel the Depositions of Morgan Pearson and Joshua Monarez with Brief in Support (the "Motion"), (Doc. 62), filed July 26, 2024. Defendant filed a response to the Motion on August 16, 2024, and Plaintiff filed a reply on August 30, 2024. (Docs. 67, 69). Having considered the parties' briefing, record of the case, and relevant law, the Court GRANTS the Motion, as set forth below.

**I.     BACKGROUND[1]**

Plaintiff filed a putative class action on behalf of itself and other entities entitled to payments of oil and gas proceeds under the New Mexico Oil and Gas Proceeds Payment Act, (the "Act"). (Doc. 1-1). Plaintiff is an owner of two leases on which several oil and gas wells are located in Lea County, New Mexico, and alleges that Defendant, the operator of the wells, failed to timely pay royalties or interest on late payments to Plaintiff and other well owners. *Id*.

On May 1, 2024, Plaintiff deposed Defendant's corporate representative, Deanna Doxakis

---

[1] Pending still before the Court, but not addressed herein is Defendant's Motion for Partial Summary Judgment, filed on April 26, 2024, in which it argues that Plaintiff does not have standing to assert claims based on alleged injuries to the putative class that Plaintiff has not itself suffered. (Doc. 40). Defendant moves for dismissal of Plaintiff's claims alleging wrongful suspense of royalty payments, breach of the duty to investigate and pay royalty owners, and using marketability of title issues to delay royalty payments, because Plaintiff has not been injured by any of these alleged practices. *Id.*

("Doxakis"). (Doc. 62) at 3. At her deposition, Doxakis testified that Pearson should have knowledge of Defendant's revenue reporting for government entities and "revenue reporting that is not federal or state." *Id.* Doxakis also testified that Pearson would have knowledge of calculating late interest and statutory interest on royalty payments. *Id.* at 3. Likewise, she testified that Monarez, a senior revenue accountant who reports to Pearson, managed Defendant's compliance reporting for the Sate of New Mexico and trained other employees on state royalty payments. *Id.* at 4. As a result of this testimony, Plaintiff requested the depositions of Pearson and Monarez. *Id.* at 5. The parties conferred in good faith in accordance with Federal Rule of Civil Procedure 37(a)(1). *Id.* Defendant, however, notified Plaintiff that it would not produce the two employees on relevance grounds. *Id.* Plaintiff, thus, brought the instant motion to compel their depositions.[2]

In the Motion, Plaintiff contends Pearson's and Monarez's depositions are relevant to ascertain "the existence (or non-existence)" of Defendant's infrastructure for compliance with government entities. Plaintiff acknowledges that government entities are not within the putative class. (Doc. 62) at 2–3. Nevertheless, Plaintiff asserts information pertaining to Defendant's compliance infrastructure and protocols, or lack thereof, may dispute Defendant's potential defense at trial that it is too difficult to comply with state law in paying owners of New Mexico

---

[2] Plaintiff acknowledges that it has not yet noticed the depositions for Pearson and Monarez as required under the Federal Rules of Civil Procedure and the local rules for the District of New Mexico. A party must take certain steps under the Federal and Local Rules. Applicable here, a moving party must first provide reasonable written notice and confer in good faith to schedule the depositions prior to noticing said depositions. D.N.M.LR-Civ 7.1(a), 30.1; FED. R. CIV. P. 30(b)(1), 37(a)(1). Although not at issue, the Court notes that Plaintiff's Motion meets all of the requirements of Rule 37(a)(1). Defendant was notified of the Motion; the Motion contained a certification that the movant in good faith conferred with the party failing to make discovery (in this case, depositions) in an effort to obtain the discovery without court action; and the motion attached evidence of the efforts Plaintiff's made to set the depositions and Defendant's objections to setting the depositions. (Doc. 62). Plaintiff's evidence demonstrates that in response to requests from Plaintiff's counsel for cooperation in setting a date for the depositions of Pearson and Monarez, Counsel for Defendant objected on relevancy grounds. *See* (Doc. 62-2) at 2. In light of Defendant's clear objection, a discovery dispute existed which is ripe for this Court. Requiring Plaintiff to first notice the depositions would do nothing but further delay this matter. *See Blackshear v. Ford Motor Co.*, No. CIV 07-648 WPL/LFG, 2008 WL 11451557, at *2 (D.N.M. Apr. 25, 2008) (holding under certain circumstances the court should decline to deny a motion to compel for failure to serve deposition notices).

wells the requisite royalties and/or interest on late payments. (*Id.*) Moreover, based on their experience working for Defendant, Pearson and Monarez have relevant knowledge of Defendant's accounting procedures—*i.e.,* "[w]hat [Defendant's] revenue accountants do, how they do it, the systems that they do it with, and when they do it—which bear on class certification and evidence at trial. (*Id.*) at 9. The aforementioned testimony is thereby relevant to the issue of whether Defendant had the policies, practices, and procedures in place to calculate and pay interest to Plaintiff and other well owners. (*Id.*) at 13. On the other hand, if the testimony demonstrates Defendant did *not* have the means to calculate and pay interest to state and federal agencies then it would be relevant to Plaintiff's argument at trial that Defendant "knowingly took on an obligation under New Mexico law without any intent to comply." (*Id.*)

In response, Defendant argues that the depositions are irrelevant on the basis that the putative class expressly excludes all state and federal agencies and entities. (Doc. 67) at 4. Moreover, payments to state agencies are governed by an entirely different Code Section than what Plaintiff has brought its class action. (*Id.*) As such, the statutory obligations, mandated processes for invoicing and paying interest, and departments for government payees are incongruent to the obligations, processes, and invoices for private mineral-owners, *i.e.*, the putative class. (*Id.*) at 4–5. Defendant further contends that Pearson and Monarez have little to no knowledge of its processes pertaining to private mineral-owners despite Doxakis' testimony. (*Id.*) at 5–6 (citing Ex. A Monarez Decl., and Ex. B, Pearson Decl.). Defendant also asserts the requested depositions are duplicative of Doxakis' testimony and Plaintiff has ignored Defendant's initial disclosures which identify four other revenue accountants with personal knowledge Defendant's processes. (*Id.*) at 8–9. Finally, Defendant summarily claims the burden of the sought-after depositions is high and there is a strong interest in keeping its processes confidential. (*Id.*) at 9–10.

In its reply, Plaintiff maintains that Doxakis' testimony contradicts Defendant's contention that Pearson and Monarez lack any relevant knowledge to its processes. (Doc. 69) at 2–3. Plaintiff further claims "superficial variables" in the private well owners and government entities are a red hearing in the instant Motion. (*Id.*) at 3. Any differences between the processes are for the trier-of-fact to assess when weighing the testimony at trial. (*Id.*) Notwithstanding, Doxakis' testimony and Defendant's response brief demonstrate similarities between the two processes thereby rendering the deposition testimony relevant. (*Id.*) Plaintiff also argues that Defendant cannot claim the depositions are duplicative of Doxakis' testimony while simultaneously arguing the information known by the two proposed deponents is irrelevant. (*Id.*) at 5. Plaintiff further contends any burden is nominal as the two depositions could be completed in a single day and the Stipulated Protective Order encompasses any confidentiality concerns.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

4

A party seeking to prevent a deposition, however, carries a heavy burden to show why discovery should be denied—and absent extraordinary circumstances—it is very unusual for a court to prohibit the taking of a deposition. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[C]ourts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions."); *Naftchi v. New York Univ. Med, Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("It is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("Protective orders prohibiting depositions are rarely granted."); *Rolscreen v. Pella Prods, of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992) ("Protective orders which totally prohibit the deposition of an individual are rarely granted absent extraordinary circumstances."); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."); *In re McCorhill Publ'g, Inc.*, 91 B.R. 223, 225 (S.D.N.Y. 1988) ("A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order."); 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2037, at 492–95 (2d ed. 1994). Courts routinely reject the reasons proffered for preventing depositions such as the examination would cause undue labor, expense, and delay, that the examination would be premature, or that the examining party was offered stipulations. *See id.* at 492–504.

Key considerations in determining the scope of permissible discovery include "the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Here, the Court finds that the requested discovery is relevant and proportional to the needs of the case. The Court is unpersuaded by Defendant's contention that the sought-after depositions are irrelevant on the mere basis that New Mexico code sections mandate different processes for private well owners and government agencies. As Plaintiff points out, statutorily the processes may differ but the crux of the potential evidence is whether Defendant had mechanisms in place—and failed to utilize them—thus resulting in the putative class claims. Pearson's and Monarez's potential knowledge goes to the heart of Plaintiff's legal theory. Plaintiff has a right to investigate the similarities of Defendant's processes for the private and public sectors in an attempt to gather evidence about Defendant's knowledge and intent to present to the trier-of-fact at trial. Contrary to Defendant's assertion, this is not a fishing expedition. Defendant's corporate representative injected Pearson and Monarez into the litigation by testifying that they had personal knowledge of Defendant's payment and invoicing processes—albeit on the government side of the business. The proper mechanism for Defendant to move to exclude any evidence pertaining to the potential depositions is via a motion *in limine*, which is inapposite at this stage. Furthermore, although not addressed in the parties' briefs, the Court understands that a continuing contention is whether Plaintiff has standing to bring certain categories of claims. Under Plaintiff's legal theory, the anticipated testimony is relevant. Unless and until the trial court rules that Plaintiff's legal theory is incorrect (which is currently an issue before the trial judge on a pending motion for summary judgment), discovery concerning Plaintiff's legal theory is relevant.

The Court also finds Defendant has not met the heavy burden of demonstrating why the depositions should be prohibited. *See, e.g., Salter*, 593 F.2d 649; *Jennings*, 201 F.R.D. 272; *Naftchi*, 172 F.R.D. 130; *Frideres*, 150 F.R.D. 153; *Rolscreen*, 145 F.R.D. 92; *Motsinger*, 119 F.R.D. 373; *In re McCorhill Publ'g, Inc.*, 91 B.R. 223; 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2037, at 492–95 (2d ed. 1994). Defendant summarily states attending a deposition would be burdensome on the deponents and the company. All depositions are burdensome to some extent, especially when they interrupt an employee's day-to-day duties. Merely sitting for a deposition, however, does not establish good cause nor is it an extraordinary circumstance that warrants barring a deposition. The Court thus does not believe the depositions are unduly burdensome.

The Court further concludes Defendant's assertion that the depositions are duplicative is meritless. Plaintiff examined the 30(b)(6) corporate representative on the subjects which Plaintiff now seeks to explore with Pearson and Monarez. Pearson and Monarez, not Doxakis, have personal knowledge of the requested subject matter per Doxakis' testimony. Similarly, the Court finds Defendant's right to secrecy claim lacks merit. The parties entered into a Stipulated Protective Order. Information relating to trade secrets, or other corporate confidentiality concerns, will be covered by the Protective Order.

For these reasons, the Court concludes the information sought is relevant to Plaintiff's causes of action. Defendant has not met its burden to prohibit the requested discovery. The Court, therefore, grants Plaintiff's Motion, (Doc. 62), and permits Plaintiff to depose Morgan Pearson and Joshua Monarez.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel the Depositions of Morgan Pearson and Joshua Monarez, (Doc. 62), is GRANTED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE